UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-20951-CR-SEITZ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JULIO EDILIO GAZAN MOREIRA,         REPORT AND RECOMMENDATION

    Defendant.
_____/

    On or about November 10, 2008, court-appointed defense counsel Stephen J. Golembe ("Counsel") submitted a voucher application numbered FLS 08 2135 with appended time sheets requesting $8,917.62 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). In support of the voucher application, Counsel submitted a seven page document briefly itemizing the time spent by Counsel in this matter. Counsel represented Defendant Julio Edilio Gazan Moreira ("Defendant") for approximately fifteen (15) months from his appointment on December 5, 2007 until September 26, 2008.

    Counsel seeks $8,917.62 in his application, an amount which exceeds the $7,000.00 statutory maximum allowed for representation in non-capital felony cases under the CJA.[1] United States District Court Judge Patricia entered an Order of Reference **[DE # 520]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also*

---

[1] The CJA statutory maximum in felony, non-capital cases recently increased to $7,800.00. This increase only applies, however, in cases wherein representation services were provided on or after October 13, 2008. All representation services in this case were provided prior to October 13, 2008, therefore the previous $7,000.00 limitation applies to this voucher application.

United States District Court for the Southern District of Florida Magistrate Judge Rules.

**Criminal Justice Act and Guidelines for Administration
of the Criminal Justice Act**

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (the "Guidelines") to assist courts in the application of the provisions of the CJA. *See In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." *See* Section §6.02(B) of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "extended" or "complex" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. *See* Section §2.22B(3) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total

processing than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

### This Case Did Not Involve Complex or Extended Representation

Under the Guidelines, if the amount of compensation sought exceeds the statutory maximum, I must first find that the representation was either complex or extended. Regarding the issue of whether this case involved complex representation, I note that this case involved only one Defendant and the indictment contained only three counts. There was no trial in this case because Defendant plead guilty. The legal and factual issues in this case were not unusual and, as a result, this matter did not require the expenditure of more time, skill and effort by Counsel than would normally be required in an average case.

The second factor which would allow the Court to certify compensation in an amount in excess of the statutory maximum - that representation in this case was extended - is also not met here. Defendant was arrested on December 4, 2007. Counsel was appointed on December 5, 2007. Counsel plead guilty on July 3, 2008 and was sentenced on September 24, 2008. Although this case lasted for nine months, Counsel filed three motions to continue which extended the litigation of this matter. This case did not require more time for processing than the average case, however, and as a result, this case cannot properly be considered extended.

In order to determine fair compensation for Counsel's activities in this case, I have undertaken a thorough review of the record, the pleadings, the voucher application and the

CJA administrator's comments on the voucher application.[2]

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel listed 5.8 in-court hours at $100/hour. After verifying the in-court hours with the Court's minutes, the CJA administrator made some changes to the total dollar amount claimed. The CJA administrator corrected the in-court hours entries to reflect that the rate for work done from May 20, 2007 through December 31, 2007 was properly compensated at the rate of $94.00/hour rather than $100.00/hour as listed in Counsel's application. The CJA administrator did not make any changes to the total number of in-court hours listed by Counsel, however.

The CJA administrator also reviewed the $8,270.00 Counsel billed for 82.7 out-of-court hours as follows: 33.4 hours for "Interviews and conferences"; 11.4 hours for "Obtaining and reviewing records"; 19.0 hours for "Legal research and brief writing", 5.5 hours for "Travel time" and 13.4 hours for "Investigative and other work." Again, the CJA administrator corrected the hourly rates listed for all work performed during the period May 20, 2007 through December 31, 2007.

Again, counsel listed 5.5 hours for "Travel Time". The CJA administrator eliminated this time because any round-trip travel less than one hour is not compensable under the CJA. Counsel also listed $67.62 in "Travel Expenses". The CJA administrator corrected this total to $66.18. The CJA administrator made this change because Counsel erroneously used the incorrect mileage rates. As adjusted, the corrected total of the voucher application

---

[2] I also attempted to contact Counsel by telephone on January 22, 2009 to discuss the amount of fees requested in the voucher application. Counsel never responded to the Court's inquiry.

therefore is $8,304.58.

### In-Court Hours[3]

Counsel sought $580.00 for 5.8 in-court hours at a rate of $100.00/hour. The CJA Administrator corrected the hourly rate used by Counsel on the voucher application to reflect that 2.8 in-court hours were incurred at the rate of $94.00/ hour and that only 3.0 hours were incurred at the rate of $100.00 per hour. The CJA administrator listed the corrected total at $563.20 hours for the 5.8 in-court hours. I approve this amount as reasonable.

### Out-of-Court Hours

Counsel seeks $8,270.00 in the application for 82.7 out-of-court hours. The CJA administrator again corrected the voucher application to correctly reflect that Counsel performed 15.8 out-of-court hours of work at the rate of $94.00/hour and 61.9 out-of-court hours at a rate of $100.00/hour.[4] The CJA administrator also eliminated the 5.5 hours of travel time sought by Counsel. The elimination of travel time is appropriate because as the "Supplemental Instructions for Completing CJA20 Vouchers" form (the "Supplemental Instructions") explains, "[r]ound trip travel under one (1.0) hour is not compensable (per 11th Circuit rule)." Accordingly, I recommend that Counsel should not be compensated for his travel time.

---

[3] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

[4] The 15.8 hours incurred at the rate of $94.00 per hour consist of 11.3 hours for "Interviews and conferences", 1.0 hours for "Obtaining and reviewing records"; 1.0 hours for "Legal research and brief writing" and 2.5 hours for "Investigative and other work." The 61.9 hours incurred at the rate of $100.00 per hour consist of 22.6 hours for "Interviews and conferences", 10.4 hours for "Obtaining and reviewing records"; 18.0 hours for "Legal research and brief writing" and 10.9 hours for "Investigative and other work."

I have reviewed all of the entries listed on the time sheets and the total time claimed for each of the task categories. The changes the CJA administrator made to the out-of-court hours listed in the voucher application are all reasonable and I approve said changes.

Although the vast majority of the out-of-court hours spent by Counsel are appropriate, I conclude that some of the expenses are not reimbursable. Specifically, Counsel should not be compensated for the a number of the "Interviews and conferences" listed in the voucher application: the December 7, 2007 "Telephone conference with family" (0.5 hours), the December 10, 2007 meeting "with wife in office" (1.0 hour), December 12, 2007 "Conference with family re: bond" (1.0 hour), the December 18, 2007 "Conference with wife regarding Nebbia" (1.0 hour), the December 19, 2007 "Conference with friends posting bond" (1.0 hour) and the December 21, 2007 "Conference with family and friends" (1.0 hour). The time spent in each of these conferences is not compensable because under the Guidelines, "the cost of services of a personal nature and expenses incidental thereto which cannot be considered legal representation, such as assisting the defendant in the disposition of his or her personal property" may not be reimbursed under the CJA. The Supplemental Instructions echo this limitation: "Services of a personal nature, such as assisting the defendant in the disposition of his/her personal property, or providing legal assistance in matters unrelated to the litigation of the case even though incidental to the defendant's arrest, are not compensable."

Some of the time spent by Counsel in other conferences listed on the voucher application must also be reduced. The Supplemental Instructions explain that "[t]elephone conferences in excess of one tenth (0.1) hour require notation of reason for duration, and

parties to conversation must be identified." Counsel has not sufficiently detailed the reasons for the extended duration of a number of telephone conferences and thus compensation for these entries should be reduced to 0.10 hour each as a result: the December 21, 2007 "Telephone conference with pre-trial services" (0.3 hours): the March 10, 2008 "Telephone conference with AUSA" (1.0 hour), April 11, 2008 "Telephone conference and prepare facsimile to Expedia" (0.5 hour), the June 16, 2008 "Telephone conference with court reporter" (0.3 hours), the July 30, 2008 "Telephone conference with Private Investigator" (0.50 hours) and the January 16, 2008 "Telephone conference with Defendant & PTS & employer; Sent order to all interested parties to include employer" (0.80 hours).

Further, both the April 11, 2008 and the January 16, 2008 entries include non-compensable time for preparing a facsimile and sending orders. The Guidelines make clear that "telephone service, and secretarial expenses associated with CJA representation, whether work is performed by counsel or other personnel, are not reimbursable." The "Supplemental Instructions for Completing CJA20 Vouchers" form (the "Supplemental Instructions") provided by the Court reinforces the Guidelines: "Clerical work (copying, faxing, mailing, etc.) associated with CJA representation, whether work is performed by counsel or other personnel, is not reimbursable." Accordingly, I recommend that Counsel should be compensated for only 0.10 hours for these two entries (totaling 0.20 hours).

The Supplemental Instructions also restrict the amount of compensation Counsel may seek for "[t]ime charges for receipt, review and diarying of pleadings (notices of hearings, depositions, filings, etc.)" The Supplemental Instructions provide that such time "shall not exceed one tenth (0.1) hour."

A number of Counsel's entries for review of pleadings exceed 0.10 hours. Specifically, Counsel should only be compensated 0.10 hours for each of the entries on the following dates listed under the heading "Obtaining and Reviewing Records": March 18, 2008, June 23, 2008, June 25, 2008, August 6, 2008, August 22, 2008, September 25, 2008, September 26, 2008, October 2, 2008 and October 23, 2008.

A number of Counsel's entries under the "Legal research and brief writing" heading are insufficiently detailed to justify compensation or are duplicative of other identical entries. Specifically, Counsel's December 7, 2007 "Research case and docket" entry (1.0 hour) is duplicative of his December 5, 2007 ("Research case docket" 0.5 hours), February 28, 2008 ("Research case file and motions" 1.0 hour) and March 4, 2008 ("Research" 1.0 hour) entries. I recommend that Counsel be compensated for a total of 1.0 hour for these four entries.

Counsel also seeks compensation for 6.5 hours of meetings with a private investigator on June 14, 2008 ("Meet with Private Investigator review file and research" 5.0 hours) and June 16, 2008 ("Meet with private investigator" 1.5 hours). Counsel fails to sufficiently detail the reasons for these meetings, accordingly I recommend that counsel be compensated for a total of 2.0 hours for these entries. Similarly, Counsel lists ten entries totaling 3.5 hours for "Email to AUSA"[5] without any further elaboration in the voucher application. Without any explanation for the duration of these emails, I recommend that Counsel be paid compensated for 0.10 hours for each entry for a total of 1.0 hour.

---

[5] These entries are for January 23, 2008, February 19, 2008, February 20, 2008, March 7, 2008, March 12, 2008, March 14, 2008, June 24, 2008, June 25, 2008, July 3, 2008, and August 5, 2008.

Factoring in my recommended deductions, I recommend that Counsel be paid a total of $ 6,048.60 for his out-of-court time for a reduction of $ 2,221.40 (from $8,270.00).

## Expenses

Counsel seeks $ 67.62 in "Travel Expenses" The CJA Administrator corrected the total amount of "Travel Expenses" to $66.18, making corrections to the mileage rates used by Counsel. I approve the amount of $66.18 in "Travel Expenses" as corrected by the CJA administrator as reasonable.

## CONCLUSION

I have reviewed all of the entries listed on the time sheets and the total time claimed by Counsel for each of the task categories. I commend Mr. Golembe for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts. As I have often quoted, when deemed appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith,* 76 F.Supp.2d 767, 769 (S.D. Texas 1999)

As I explained above, because the representation in this case was neither complex nor extended, Counsel is not entitled to reimbursement in excess of the statutory maximum of $7,000.00. Based upon my review of the time sheets and the explanation submitted by Mr. Golembe, the docket and filings in this case, I RECOMMEND that Counsel be paid $ 6,114.78 fair and final compensation for his work on this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have ten (10) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Patricia A. Seitz, United States District Judge.

Signed this 10 day of February, 2009.

_____
PETER R. PALERMO
SR. UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Stephen J. Golembe, Esq.
Lucy Lara, CJA administrator